Filed 7/7/16  P. v. Ferrari CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C080265 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F7171) |
| v. | |
| IZAIAH JEFFREY FERRARI, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Izaiah Jeffrey Ferrari has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

On October 16, 2013, around 1:53 a.m., Redding Police Officer Joshua Tracy was driving in his patrol car when he saw defendant riding a bicycle without a front light. Officer Tracy executed a traffic stop on defendant, who was wearing a blue backpack. He obtained defendant's consent to a patdown search and to removing the backpack. After the search revealed nothing, Officer Tracy ran defendant's name through dispatch and asked defendant to sit on the sidewalk next to his backpack. Defendant offered to produce a prescription pill bottle from his backpack to prove his identity, but Officer Tracy told him not to reach into the backpack. Later, defendant started to unzip a pocket of the backpack but stopped when Officer Tracy moved the backpack away from him.

As he moved the backpack, Officer Tracy saw inside the partially unzipped pocket of the backpack and that it contained a grinder and digital scale. He then asked defendant if there was marijuana in the backpack. After defendant admitted that there was, Officer Tracy obtained defendant's consent to search the backpack. A search of the backpack found several clear Mason jars holding 58 plastic baggies of marijuana. The marijuana weighed about 11.3 ounces. Defendant said he was going to sell the marijuana for $20 per baggie because he had recently moved out of his parents' house and was having difficulty making money. Officer Tracy next obtained defendant's consent to look through defendant's cell phone, where he found a text message related to selling marijuana.

The trial court denied defendant's suppression motion, finding that the searches were consensual. A jury convicted defendant of possession of marijuana for sale and transportation of marijuana. (Health & Saf. Code, §§ 11359, 11360, subd. (a).) The trial court suspended imposition of sentence and placed defendant on three years of formal probation subject to the imposition of various conditions, including a 120-day jail term with two days of custody credit.

Defendant appealed and we appointed counsel to represent him on appeal. (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                             BUTZ                    , Acting P. J.


We concur:


        MURRAY            , J.


        DUARTE            , J.

3